UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RICHARD DECOURSY,**

    Plaintiff**,**                         CASE NO: _____

vs.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee**       (Formerly Bay County Circuit Court Case No. 2020-001724-CA)

    Defendant**.**
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, erroneously identified "AS TRUSTEE" for an unspecified trust** ("DBNTC" or "Defendant"), hereby removes the action currently pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, Case No. 2020-001724-CA (the "State Court Action"), to the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as more fully set forth below.

**I.     BACKGROUND & CONDITIONS OF REMOVAL**

1.    This matter arises out of Plaintiff's dispute over a Note and Mortgage executed by Plaintiff in favor of Defendant's predecessor secured by real property

located at 2861 Thaxton Drive, Unit 46, Palm Harbor, FL 34684 (the "Property"). (*See* Complaint ¶3).

2. Plaintiff, Richard Decoursy, is a citizen and resident of Pinellas County, Florida.

3. Defendant is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California.

4. Venue is proper in the United States District Court Northern District of Florida because the case is being removed from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert defenses, counterclaim, or to seek transfer to the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Bay County. (*See again* Complaint, ¶3).

6. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of Defendant's receipt of the initial pleading. Defendant was not served with process in this matter and has filed a Motion to Quash Service of Process in relation thereto.

7. Defendant discovered this matter on or about December 15, 2020 through an online records search prompted by the discovery of similar matters filed

by Plaintiff's counsel, Lee Segal, Esq., that likewise resulted in improper defaults and/or judgments by default due to lack of service of process on Defendant.

8. This action is not a non-removable action as described under 28 U.S.C. § 1445.

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copies of all process and pleadings available to counsel as of this date are attached hereto as **Composite Exhibit "A."**

10. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Fourteenth Judicial Circuit in Bay County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

## II. THE COMPLAINT

11. Plaintiff has sued DBNTC under the "Civil Remedies for Criminal Practices Act" (Fla. Stat §772.101, et seq.) and for collection of an "unlawful debt" and for alleged misrepresentation(s) purportedly made by a third-party[1] in the

---

[1] In 2018, a foreclosure action was purportedly filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS6 against Richard Decoursy in Pinellas County Circuit Court under Case No. 18-2703-CI ("Pinellas County Foreclosure Action"). (*See* Complaint, ¶13).

3

procurement of a Loan Modification to settle a foreclosure action—to which DBNTC was not a party.

12. Plaintiff nakedly concludes that Defendant is the "alter ego" for the entity that filed the Pinellas County Foreclosure Action. (Complaint ¶14).

13. The State Court Action repeatedly challenges *the foreclosing entity's* status as owner and holder of the Note and Mortgage that are at issue in this case, and that were the basis of the Pinellas County Foreclosure Action. (*See* Complaint, ¶¶ 10, 16, 18, 21 (each denying the foreclosure court's finding that the foreclosure plaintiff was the owner or holder of the Note)).

14. DBNTC was not a party to the Pinellas Foreclosure Action or any of the instruments challenged in the State Court Action. (*See again* Exhibit "A").

### III. LEGAL STANDARD - GROUNDS FOR REMOVAL

15. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States…where such action is pending."

16. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

**(1)** citizens of different States;

> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

17. This Court has original jurisdiction on the basis of diversity and amount in controversy. *See* 28 U.S.C. § 1332. The parties are diverse because they are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

18. "Removal is proper if the defendant proves, by a preponderance of the evidence, the amount in dispute exceeds $75,000." *Luch v. Scottsdale Ins. Co.,* No. 17-21507-CIV, 2017 WL 5643314, at *1 (S.D. Fla. June 9, 2017) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014)). Also, "when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

    **A.**    **Diversity Of Citizenship Exists.**

19. Plaintiff, Richard Decoursy, is a citizen and resident of Pinellas County, Florida.

20. Defendant, DBNTC, is a national banking association organized under the laws of the United States with its principal place of business in Santa Ana, California. (*See* **Exhibit "C"**).

21. Because the parties are citizens of different states, diversity exists.

**B.     Amount in Controversy Exceeds $75,000.**

22. Plaintiff in this matter seeks "treble damages" that include "the full amount owed under the modified mortgage, interest on that amount, and the attorney's fees and costs incurred defending the [Pinellas County Foreclosure Action]." (*See again* Complaint, ¶¶ 39-40).

23. As evidenced by Plaintiff's Affidavit in Support of Summary Judgment filed in the State Court Action, Plaintiff is seeking $195,865, which is his estimated value of the Property plus $11,300 in attorneys' fees as well as his aforementioned demand for triple damages. See **Exhibit "D"**. Thus, the amount in controversy at issue clearly exceeds $75,000. *See Diversified Mortg., Inc. v. Merscorp, Inc.,* No. 8:09–cv–2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of mortgages can be used to determine the amount in controversy).

24. In this matter, because Plaintiff seeks three times the value of the Property, plus attorney's fees, the amount in controversy in this matter exceeds $600,000 and thus meets the amount in controversy threshold under 28 U.S.C. § 1332.

**III.    CONCLUSION**

25. Removal of this case is timely and appropriate, and this Court has jurisdiction over the claims based upon diversity of citizenship. Defendant

respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida to the United States District Court for the Northern District of Florida without waiver of DBNTC's right to further seek transfer to the Middle District of Florida as this action arises out of a dispute in Pinellas County rather than Bay County.

**WHEREFORE,** Defendant respectfully requests that the aforesaid action now pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida, Case No. 2020-001724-CA be removed to this Honorable Court.

Dated: January 14, 2021

Jason H. Okleshen, Esq.
Florida Bar No. 496170
Okleshenj@gtlaw.com
GREENBERG TRAURIG, P.A.
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222

Respectfully Submitted,

Beth A. Norrow, Esq.
Florida Bar No. 061497
norrowb@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Secondary email: dunnla@gtlaw.com;
flservice@gtlaw.com

By: /s/ *Beth A. Norrow*
        Beth A. Norrow, Esq.

*Counsel for Deutsche Bank National Trust Company, as Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2021, a true and correct copy of the foregoing was filed with the CM/ECF e-filing system which will send a notice of electronic service to:

Lee Segal, Esq.
18167 U.S. Highway 19 N., Ste. 100
Clearwater, FL 33764
lee@segalschuh.com
marie@segalschuh.com

                                              /s/ *Beth A. Norrow*
                                                  Beth A. Norrow